COGGBURN, Defendant in Error, v. SIMPSON, Plaintiff in Error.

1. The agent who sells goods, of which he is in possession, as his own property, may recover the price in his own name.
2. Where a party is in possession of a store, as a clerk or agent of another, his possession is that of his principal.

*Error to Cole Circuit Court.*

Action by Jackson Coggburn on an account for goods sold and delivered, commenced before a justice of the peace.

At the trial in the Circuit Court on appeal, it appeared that the goods were purchased at a store in which the plaintiff was doing business, either as agent or proprietor, and the only dispute was, whether the store belonged to the plaintiff or to Green B. Coggburn, and upon this point evidence was offered by both parties. Among others, the Circuit Court gave for the plaintiff two instructions, set out in the opinion of the court, and refused the seventh instruction asked by the defendant, also set out in the opinion. There was a verdict and judgment for the plaintiff, and the defendant brought the case here by writ of error.

*M. M. Parsons*, for plaintiff in error.

*Gardenhire* and *Morrow*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The question between the parties in this case involves the mode in which the goods were sold. If the plaintiff sold the goods to the defendant as his own property, or if the goods were purchased by defendant as the property of the plaintiff, then the contract to pay for the goods was a contract to pay plaintiff, and, of course, he has the right to recover in this suit for the goods thus sold. But if the plaintiff sold the goods as the agent of Green B. Coggburn, and as Green B. Coggburn's goods, then the contract to pay for the goods was a contract to pay Green B. Coggburn and not to pay the plaintiff, and consequently the plaintiff can not recover for the goods in this action. The case, therefore, depends upon the simple fact, as to the sale of the goods as the plaintiff's property, or as the property of his brother, Green B. Coggburn. All that part of the record in which the question about Green B. Coggburn selling or conveying the goods to his brother, the plaintiff, in order to defraud his creditors, is foreign to the matter in issue between

these parties. The question whether the alleged sale of the goods from Green B. to Jackson Coggburn, was made to defraud Green's creditors, was not in issue between them. All therefore which the record contains in regard to this matter is thrown out of the case and disregarded by this court, and must be so in the further trial hereof. In looking over the instructions asked by the defendant below, in our opinion, his seventh instruction ought to have been given.

The court told the jury, in the first instruction given for the plaintiff, that, " if the jury believe from the evidence that Simpson purchased of Jackson Coggburn goods of which he (Jackson Coggburn) was in possession at the time of Simpson's purchase, and that Jackson Coggburn was the owner of the goods at the time of the sale to Simpson, they must find for the plaintiff the balance due for the goods."

The second instruction for the plaintiff was as follows : " Even though Jackson Coggburn was not the owner of the goods at the time of the sale to Simpson, yet, if he had possession of them and sold them in his own name, he had the right to sue for and recover the balance due for them in his own name, and Simpson not having filed any offset in this case, either against Jackson Coggburn or Green B. Coggburn, is, in such case, liable to the present plaintiff for the balance due for the goods ;" and, disregarding all the other instructions asked for by defendant, let us see his seventh instruction, namely : " That, although Jackson Coggburn may have had possession of the store at Spring Garden, yet, if the jury believe that he had such possession as clerk or agent of Green B. Coggburn, such possession of Jackson Coggburn was, in law, the possession of Green B. Coggburn." This instruction should have been given. It was important to the proper understanding of the case, in conjunction with the two instructions for the plaintiff above recited.

For failing, then, to give the defendant's seventh instruction, the court below committed error. Its judgment is reversed and cause remanded ; Judge Leonard concurring.